No. 23,138.

. B. S. FORTNEY, *Appellee*, V. C. E. COLLINS, *Appellant*.

SYLLABUS BY THE COURT.

SALE OF OIL STOCK—*Written Contract—Buyer's Right to Rescind Sale—Issue of Fact for Jury.* Upon the sale of oil stock it was agreed that at the end of ninety days the seller would offer to return the purchase money and if the buyer elected to take it he should surrender the stock. Ten months after the expiration of the ninety days the buyer sued the seller for the recovery of the money he had paid. There was evidence that when the time was up the seller tried to find the buyer but was unable to do so; that the buyer, although knowing the seller's address, sent him no word regarding the matter. The court directed a verdict for the plaintiff. It is held that the fact that the seller had not offered to return the money was not fatal to his case and the matter should have been submitted to the jury.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed April 9, 1921. Reversed.

*J. G. Hutchinson*, of Kansas City, Mo., for the appellant.

*A. C. Wilson*, of Lawrence, for the appellee. ·

The opinion of the court was delivered by

MASON, J.: On January 28, 1919, C. E. Collins sold five hundred shares of stock in an oil company to B. S. Fortney for $500. The stock was delivered and the money paid, but at the same time a written contract was entered into by the terms of which the buyer could have his money back at the end of ninety days if he should so desire, the stock to be then surrendered. On February 28, 1920, the buyer brought this action against the seller for the recovery of the $500, alleging a violation of the contract by a refusal to return it. The defendant filed an answer stating in effect that he had complied with the contract but that the plaintiff had pursued a course amounting to an election to keep the stock. A jury was impaneled, but after the evidence of both parties had been introduced the court directed a verdict in favor of the plaintiff for $500 without interest. Judgment was rendered accordingly, from which the plaintiff appeals.

The contract read as follows:

"This is to certify that this day B. S. Fortney and C. E. Collins agree, that B. S. Fortney is to purchase Five, ($500), Hundred Dollars worth of stock in The Nash Oil, Gas and Mineral Company at par value being one, ($1.00) Dollar per share, and at the end of ninety days, said C. E. Collins guarantees that said stock will be worth par value. And further agreed that at said time said C. E. Collins agrees to offer to return $500.00, and if said B. S. Fortney elects to take back the money he agrees to surrender the stock, and if he does not take the offer of the return, then said C. E. Collins is thereby released from this guarantee, and B. S. Fortney is understood to be satisfied with his stock."

The defendant gave testimony which may be thus summarized: He lived in Kansas City, Mo. The sale was made and the contract signed in the office of a broker in Lawrence. The defendant supposed that the plaintiff lived in that city. At the expiration of ninety days he visited Lawrence several times, and on each occasion he tried to find the plaintiff. He was told that he was out of town, working some place. Supposing he would find him there, he inquired of the broker in whose office the transaction had taken place, and of different business men, but was unable to learn where the plaintiff was. He was ready and willing to return the money to him if he had known where he was. He received no letter from the plaintiff after the sale was made, nor did he see him or hear from him in any way until just before the action was brought, when he met him on the street in Kansas City. The plaintiff did not then ask the return of his money or offer to surrender the stock. He merely said that he was hard up and had his grandchildren to take care of. The defendant told him he would give him five hundred more shares of the stock and help him out in that way. He heard nothing further of the matter until after the action was brought.

The plaintiff testified that he lived at Perry, which is some fifteen miles from Lawrence; that he knew the address of the defendant and about the time of the expiration of the ninety days mailed two letters to him, the envelopes bearing a return address; that neither letter was returned to him. He was not permitted to state the contents of the letters but his petition alleged that he notified the defendant in writing of his election to accept the return of his money and surrender the stock. He also testified that on the day before bringing the action he told the defendant he would like to have the money back in place of the stock.

Fortney v. Collins.

In support of the ruling directing a verdict it is argued that in order that the sale of stock should stand it was absolutely necessary that the seller at the expiration of the ninety days should find the buyer and offer to return his money. We regard this view as based upon a somewhat too literal interpretation of a part of the contract. Taken as a whole we deem its obvious purpose to be to carry out and make effective the guaranty that the stock would be worth par in ninety days—to give the buyer the privilege of rescinding the sale within that period. The language construed in the light of this evident general purpose does not mean that the seller must make an unqualified and unconditional offer to return the five hundred dollars without at the same time receiving the stock. He was not required to pay back the money and trust to the buyer afterward performing his part of the contract by surrendering the stock. The agreements were interdependent and were to be performed at the same time. (13 C. J. 571.)

To carry out even the letter of the contract it was not necessary that the defendant should make a physical tender of the money. A statement that he was ready to pay it would constitute an offer. But even an offer of that kind was not necessary to fix his liability. By the terms of the contract he promised to pay back the money if the buyer should desire it. His assuming that obligation was in a sense an offer to make the payment. The essential agreement he made was that he would return the money if the buyer so desired, not merely that he would make an offer to pay it. The contract was wholly for the benefit of the buyer. The plaintiff questions this, suggesting that if the stock had become worth more than par during the ninety days it might have been to the advantage of the seller. If the stock had risen in value it might have been to the interest of the seller to get it back by returning the money, but the contract did not enable him to do this. He could by making an offer to rescind obtain the stock if the buyer were willing; but he could do that without any contract. Inasmuch as the privilege of rescission was that of the buyer it seems proper that if he desired to exercise it he should have taken the initiative and advised the seller of his election. (13 C. J. 618; 2 Black on Rescission and Cancellation, §§ 513, 569.) And that step to be effective should have been taken with

promptness, for a subsequent change in the market might make a rescission more desirable to him. (2 Black on Rescission and Cancellation, § 515.) We do not mean that the buyer forfeited his right to rescind the contract by failing at the end of the ninety days to tender the stock to the seller and demand the return of his money, or that any specific act was necessary to preserve his rights. It was incumbent upon him, however, as upon the seller to show good faith and reasonable diligence in an attempt to carry out the purpose of the contract. If for instance the seller had purposely kept out of the way of the buyer he could not complain of any delay in receiving the notice; if the seller, although seeing the buyer every day, had failed to claim a rescission this might effect a confirmation, and such result could not be prevented by his keeping away from the seller with that object in view.

The jury, of course, might have believed the testimony of the defendant and discredited that of the plaintiff and might have found, upon a consideration of all the evidence, that the defendant, after the expiration of the ninety days, exercised reasonable diligence in trying to find the plaintiff in order to learn from him whether he desired to have his money returned, but was unable to do so; and that the plaintiff, although knowing the address of the defendant, failed to write to him for a period of ten months after the ninety days had expired, made no attempt in any way to advise him of a desire to rescind the sale. These findings would have warranted a verdict against the plaintiff on the theory that he had lost the right to the return of his money by not claiming it within a reasonable time. The case should therefore have been submitted to the jury.

The defendant also contends that the phrase "at said time," indicating when the money was to be returned, refers to the time the stock was delivered and not to the end of the ninety-day period, but we find the contention to be unsound.

The judgment is reversed, and the cause is remanded for a new trial.